(C.D. 4321)

D. B. FRAMPTON AND COMPANY *v.* UNITED STATES

**3**

(Dated January 6, 1972)

*John C. Ray* for the plaintiff.

*L. Patrick Gray, III*, Assistant Attorney General (*James Caffentzis*, trial attorney), for the defendant.

RICHARDSON, Judge: Plaintiff moves under Rule 10.3 for an order consolidating certain actions enumerated in an attached Schedule for trial in accordance with its proposed complaint; and defendant opposes the motion to the extent that defendant contends that the action identified by Court No. 68/13834 should not be consolidated because it involves a different claim. Defendant also moves under Rule 4.7(d) for an order directing plaintiff to make its complaint as to the action identified by Court No. 68/13834 more definite and certain in accordance with the requirements of Rule 4.5B. The motions are disposed of as follows:

As to the action enumerated in the attached Schedule identified with the prefix (A) plaintiff's motion is denied without prejudice to a renewal thereof upon proper papers. The letter of transmittal from the district director under date of February 28, 1968, states that the entry papers have been destroyed. It would appear, therefore, that the presentation of secondary evidence of the subject entry transactions is proper.

As to the actions enumerated in the said Schedule identified with the prefix (B) plaintiff's motion and the said actions are dismissed for prematurity by reason of the fact that in contravention of 19 U.S.C.A., section 1503(a) (section 503(a), Tariff Act of 1930, as amended by the Customs Simplification Act of 1953) liquidation of the subject entries was not made upon a *final appraised value*, and as such, is void, liquidation in each instance having taken place within 60 days of the date of the appaiser's report. See *United States* v. *Boston Paper Board Co.*, 23 CCPA 372, T.D. 48233 (1936), and other cases cited in Memorandum to Accompany Order in *Lamb-Weston, Inc.* v. *United States*, protest 69/38803, C.D. 4301, decided December 1, 1971. It is the duty of the district director of customs to liquidate the involved entries in the manner provided for by law so that plaintiff may file a valid protest against said entries if it be so advised.

As to the action enumerated in the said Schedule identified with the prefix (C) plaintiff's motion, being unopposed and within the court's jurisdiction, is denied. There is no other valid action with which said action can be consolidated at this time.

By reason of the foregoing, defendant's motion under Rule 4.7(d) is denied without prejudice to a renewal thereof if and when secondary evidence of the entry transactions involved in the action identified by Court No. 68/13834 is presented to the court.

## Schedule of Actions

(A) 68/13834
(C) 68/13835
(B) 68/13836
(B) 68/13837
(B) 68/13838
(B) 68/13839
(B) 68/13840